# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERT LAWRENCE,
  Petitioner,

v.                                    CASE No. 8:19-cv-3000-T-26TGW
                                              8:15-cr-508-T-26TGW

UNITED STATES OF AMERICA,
  Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause came on for consideration upon Robert Lawrence's

Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by

a Person in Federal Custody (Doc. 1).  After considering the motion (Docs.

1, 2), the Government's response (Doc. 8), the petitioner's reply (Doc. 12)

and the governing law, I recommend that the motion be denied in all respects.

I.

In December 2015, a grand jury returned a three-count

Indictment against the petitioner for possession of a firearm after having

been convicted of a felony in violation of 18 U.S.C. 922(g)(1) and 924(e)(1)

(count one); possession of marijuana with the intent to distribute, in violation

of 21 U.S.C. 841(a)(1), (b)(1)(D) (count two); and carrying a firearm during

and in relation to the crime of possessing marijuana with the intent to

distribute, in violation of 18 U.S.C. 924(c)(1)(A)(1) (count three) (Case no. 15-cr-508-24TGW).  Count one of the Indictment lists several prior felony convictions, including the petitioner's delivery of cocaine, two convictions for possession of cocaine with intent to distribute, and being a felon in possession of a firearm (id., pp. 1–2).

After discovery and a failed motion to suppress evidence, the petitioner entered into a plea agreement.  He agreed to plead guilty to counts one and two of the Indictment in exchange for dismissal of count three of the Indictment, which mandated an additional 5-year consecutive sentence (see Doc. 85; Doc. 122, p. 19).

By signing the plea agreement the petitioner affirmed that he

> is pleading guilty because [he] is in fact guilty.
> The defendant certifies that defendant does admit
> that the facts set forth below are true, and were this
> case to go to trial, the United States would be able
> to prove those specific facts and others beyond a
> reasonable doubt.

(Doc. 85, p. 17).  Specifically, the petitioner affirmed as true that,

> [p]rior to possessing the firearm on October 12,
> 2015, the defendant had been convicted of various
> felonies, including those listed in the Indictment in
> this case.  At the time of his arrest, he had not had
> his right to possess a firearm restored.

(id., p. 18).

2

On August 19, 2016, the petitioner appeared, with his attorney, before U.S. District Judge Richard A. Lazzara and pled guilty to counts one and two of the Indictment (see Doc. 122). The petitioner affirmed to the court that he had sufficient time to review and discuss with his attorney "in detail, each and every provision of [the] plea agreement and how those provisions will affect [him] in [this] case" (id., pp. 10–11). Further, the petitioner attested that he was completely and fully satisfied with each provision of the plea agreement, and that he did not need more time to discuss any part of the plea agreement with counsel (id., p. 11).

Additionally, the petitioner received copies of all discovery, and counsel "reviewed [with him] each and every aspect of the discovery, discussed strategy and ... even reviewed elements." The court confirmed counsel's representation with the petitioner (id., pp. 20–21):

> THE COURT: .... Now, Mr. Lawrence, prior to this proceeding, did you, in fact, have an opportunity to meet with Mr. Leanza, to review and to discuss with him the Indictment that's been returned against you, to review and discuss with him what evidence the Government may have to convict you of this offense? – of these offenses and to otherwise seek out his counsel and advice?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And he just represented to me that he's given you all the discovery; is that correct?

3

THE DEFENDANT: Yes, sir.

THE COURT: And you've reviewed it on your own and with him?

THE DEFENDANT: Yes, sir.

The petitioner, in particular, affirmed to the court that he had reviewed the factual basis contained in the plea agreement; those "fact[s] accurately and correctly represent" what he did; and he does not contest or dispute any of those facts (id., pp. 31–32).

The court pointedly inquired (id., p. 31):

THE COURT:  Are you pleading guilty because on October 12 of this year, you, in fact, possessed this firearm?

THE DEFENDANT:  Yes, sir.

THE COURT: And are you pleading guilty because prior to possessing that firearm, you had been convicted of numerous felonies in Hillsborough County?

THE DEFENDANT: Yes, sir.

The court also asked the petitioner in connection with his prior felony convictions whether he "ever had [his] civil rights restored," to which the petitioner responded, "No, sir" (id., p. 21).

The court then reviewed with the petitioner the sentencing process, and the petitioner affirmed that his attorney explained the

4

sentencing guidelines to him (id., pp. 22–27).  The court, in particular, stated that, "by pleading guilty to Count 1, you face a mandatory minimum term of imprisonment of 15 years up to life ..." (id., p. 22).  The petitioner affirmed that he understood (id.). [1]

The court accepted the defendant's guilty plea on counts one and two of the Indictment and adjudicated him guilty.  It found that (id., p. 34):

> [t]he Defendant has freely, voluntarily, and intelligently entered his pleas of guilty ... with full knowledge of the nature of the offenses and consequences of his pleas of guilty, including the range of penalties that may be imposed and the various rights he's giving up.
>
> I'll further find based on his clear acknowledgment of guilt as well as his acknowledgment of the accuracy and correctness of the plea agreement and the factual basis set forth in his plea agreement as well as my hearing the evidence and testimony at the suppression hearing held in this case previously that there's more than an adequate factual basis to support the entry of his pleas of guilty as to Counts 1 and 2 of the Indictment.

The U.S. Probation Office recommended in its preliminary and

---

[1]Notably, the petitioner asked the court what happens if the ACCA laws change (see Doc. 122, pp. 11-12), which indicates that his attorney reviewed the law with him in detail.  The Government, in response, iterated its position that the prior drug offenses listed in the Indictment qualify under the ACCA notwithstanding any recent changes in the law (see id.).

final Pre-Sentence Investigation Reports (PSRs) that the defendant be sentenced to 188 months for count one and 60 months (concurrently) on count two of the Indictment (see Doc. 94, pp. 5–6). Regarding count one, the Probation Office opined that "the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. §924 (e)" because "the defendant has at least three prior convictions for serious drug offenses, which were committed on different occasions" (Doc. 93, p. 7, ¶¶28, 29). The PSR specified those felonies (id., ¶28):

> a) Delivery of Cocaine, in Hillsborough County Circuit Court, docket number 02-CF-15848, committed on September 26, 2002, and convicted on November 12, 2002;
>
> b) Possession of Cocaine with Intent to Sell or Distribute, in Hillsborough County Circuit Court, docket number 08-CF-6519, committed on March 29, 2008, and convicted on May 15, 2008; and
>
> c) Possession of Cocaine with Intent to Sell or Distribute, in Hillsborough County Circuit Court, docket number 09-CF-2814, committed on February 12, 2009, and convicted on May 18, 2009.

The petitioner did not object to the factual statements or the guidelines calculations in the PSR (see id., p. 30)

At sentencing, the petitioner confirmed that he had reviewed and discussed with his counsel the PSR in detail, and the court noted that

6

there were no objections to the factual statements or the guidelines calculations in the PSR (Doc. 124, pp. 3–4). Defense counsel asked the court to sentence the defendant to the mandatory minimum, which was eight months below the base of the recommended sentence range (id., p. 6).

The court, after accepting the plea agreement, dismissed count three of the Indictment (id., p. 10). It adopted the factual basis stated in the PSR, but varied downward from the guidelines range and sentenced the petitioner to the mandatory minimum of 15 years (id., pp. 8, 10). On December 16, 2016, the court entered judgment accordingly (Doc. 96).

The petitioner subsequently filed a motion pursuant to 28 U.S.C. 2255, alleging, among other claims, ineffective assistance of counsel for failure to file an appeal (case no. 8:17-cv-2999-T-26TGW). The court granted the motion to the extent that it allowed the petitioner to file an out-of-time appeal (id., Doc. 4). The Eleventh Circuit Court of Appeals denied the appeal, but stated that the petitioner could file a successive motion under §2255 to assert a claim of ineffective assistance of counsel (case no. 8:15-cr-508-T-26TGW, Doc. 128).

On December 6, 2019, the petitioner timely filed this motion for relief pursuant to 28 U.S.C. 2255, alleging, among other things, ineffective assistance of counsel and that his conviction on count one of the

7

Indictment is invalid based on a change in the law announced in <u>Rehaif</u> v. <u>United States</u> __ U.S. __, 139 S.Ct. 2191 (2019) (<u>see</u> Docs. 1–2 in case no. 19-cv-3000-T-26TGW). The petitioner requests the court to vacate his conviction and sentence and/or hold an evidentiary hearing to further develop the facts for the record (Doc. 2, p. 18).

The Government filed a memorandum in opposition to the motion, and asserts that the motion may be resolved without an evidentiary hearing (Doc. 8). The defendant, in accordance with the court's directive, filed a reply to the Government's response (Doc. 12). Thereafter, the matter was referred to me for a report and recommendation (Doc. 14).

II.

In order to obtain collateral relief under 28 U.S.C. 2255, the petitioner must identify "a fundamental defect which inherently results in a complete miscarriage of justice, []or an omission inconsistent with the rudimentary demands of fair procedure." <u>Hill</u> v. <u>United States</u>, 368 U.S. 424, 428 (1962). The petitioner generally bears the burden of persuasion on each aspect of his claim. <u>See</u> <u>In re Moore</u>, 830 F.3d 1268, 1272 (11th Cir. 2016).

The petitioner's first three claims allege ineffective assistance of counsel. "An ineffectiveness [of counsel] claim ... is an attack on the fundamental fairness of the proceeding whose result is challenged."

8

Strickland v. Washington, 466 U.S. 668, 697 (1984).

> To make a successful claim of ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687.... Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 688. ... Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Broomfield v. United States, 18-12405-H; 2018 WL 6504083, at *1 (11th Cir. Oct. 18, 2018). "[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong ... or vice versa." Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

Furthermore, the court "must be highly deferential" in scrutinizing counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, supra, 466 U.S. at 689. A lawyer's performance "cannot be deficient for failing to preserve or argue a meritless claim." Freeman v. United States, 16-17185-J; 2018 WL 6318358, at *10 (11th Cir. July 31, 2018); Denson v. United States, 804 F.3d 1339, 1342 (11th Cir. 2015).

Where, as here, the petitioner pleaded guilty, "the defendant

9

must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Diveroli v. United States, 803 F.3d 1258, 1263 (11th Cir. 2015). "Moreover, to obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

The petitioner does not even allege that, but for the purported errors, he would not have pleaded guilty but rather would have gone to trial. Further, even if he had made such an allegation, it would not have been plausible. The petitioner's attorney was able to obtain a plea agreement that involved the dismissal of count three, which carried a consecutive minimum mandatory term of five years. It would not have been rational for the petitioner to reject the plea bargain.

Those circumstances alone defeat the petitioner's three claims of ineffective assistance of counsel. Nevertheless, I have examined each of the three claims of ineffective assistance and find them to be meritless.

Additionally, a petitioner is not, as a matter of course, entitled to an evidentiary hearing on his claims. He must allege facts that, if true, would prove he is entitled to relief. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Thus, a hearing is not required on frivolous claims or conclusory

10

allegations unsupported by specifics.  Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014).  Similarly, "if the record refutes the applicant's factual allegations ... a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, supra, 550 U.S. at 474; see also Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (An evidentiary hearing is unwarranted when "the motion and files and records conclusively show that the prisoner is entitled to no relief.").

III.

The petitioner asserts five grounds for relief, four of which challenge the validity of his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).  That statute relevantly provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years ....

A.    Ground one of the motion is titled "Trial counsel was ineffective in failing to investigate and object to the ... use of [the petitioner's prior] state drug convictions for enhancement purposes" (Doc. 1, p. 4).  In this regard, the petitioner contends that the Indictment "failed to list the correct date, and failed to track the proper statutory language under

11

[F]lorida state drug statute; and failed to cite Florida state drug statute [893.13]" (Doc. 2, p. 5) (emphasis omitted).

The Indictment identified the petitioner's prior felony offenses with their correct case numbers (Doc. 1). In all events, the Government is not even required to allege those prior convictions in the Indictment. <u>United States</u> v. <u>Smith</u>, 775 F.3d 1262, 1266 (11th Cir. 2014). In <u>Smith</u>, the Eleventh Circuit explained (<u>id</u>.):

> Although it is ordinarily true that all elements of a crime must be alleged by indictment and either proved beyond a reasonable doubt or admitted by a defendant [see <u>Alleyne</u> v. <u>United States</u>, 570 U.S. 99, 103, (2013)], there is an exception for prior convictions. <u>Almendarez–Torres</u> v. <u>United States</u>, 523 U.S. 224, 247 ... (1998). The Constitution does not require that "[t]he government ... allege in its indictment and ... prove beyond a reasonable doubt that [the defendant] had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." <u>Gibson</u>, 434 F.3d at 1246....

<u>See also United States</u> v. <u>Deshazior</u>, 882 F.3d 1352, 1358 (11th Cir. 2018), <u>cert</u>. <u>denied</u>, 139 S. Ct. 1255 (2019) (The court may enhance the defendant's sentence based on his prior convictions even though they were not identified in the indictment.). Therefore, contrary to the petitioner's argument (Doc. 12, p. 3), indictment deficiencies in this respect do not constitute reversible error.

Rather, the sentencing court's findings may be based upon facts admitted by a defendant's plea of guilty, undisputed statements in the PSR, or evidence presented at the sentencing hearing. United States v. Duval, 459 Fed. Appx. 887, 889 (11th Cir. 2012); see, e.g., Shepard v. United States, 544 U.S. 13, 22 (2005). This burden may also be met with proper documentary evidence submitted in the §2255 proceeding. See Tribue v. United States, 929 F.3d 1326, 1330 (11th Cir. 2019).

The Government argues there is ample record evidence establishing the petitioner's prior convictions (Doc. 8, p. 11). As the Government noted (id.), the petitioner pled guilty to counts one and two of the Indictment and, in doing so, affirmed under oath that he committed those prior offenses. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). Furthermore, as the petitioner acknowledges (Doc. 1, p. 4), the court adopted the undisputed statements in the PSR as its reasons for his sentence (Doc. 97). The PSR correctly lists the state case numbers, the dates of the petitioner's prior offenses, and tracks the language of each state information (except the PSR uses the word "distribute" instead of "deliver," which is inconsequential in this case. See Fla. Stat. § 893.02(8) ("Distribute" means to "deliver ... a controlled substance.")).

Moreover, the petitioner attached to his §2255 motion copies of the charging documents which, as he correctly states, are properly considered in this proceeding (Doc. 2, pp. 5-6; id. at Atts. A, B, C). See Tribue v. United States, supra, 929 F.3d at 1330. In sum, the record contains ample evidence of the petitioner's prior state court convictions to support his sentence under the ACCA.

The petitioner, in support of his argument, relies upon the factually inapposite cases of United States v. Sneed, 600 F.3d 1326, 1330 (11th Cir. 2010) and United States v. McCloud, 818 F.3d 591, 596 (11th Cir. 2016). The issue in Sneed and McCloud was the sufficiency of the evidence to show that predicate offenses were committed on different occasions. See 18 U.S.C. 924(e) (1) (the prior offenses must be "committed on occasions different from one another"). That was not an issue in this case, and the evidence submitted by the petitioner shows that the predicate offenses in this case were committed on different dates (see Doc. 2, Atts. A, B, C).

Finally, the petitioner alleges that, if his counsel "properly investigated ... and/or objected[] to petitioner's ("PSR") and/or his indictment" he would not have received a sentence under the ACCA (Doc. 2, p. 6). This contention is baseless. The petitioner affirmed to the court that he reviewed the Indictment and the PSR in detail with counsel; he received

14

and reviewed all of the discovery with his counsel; and "[d]efense counsel had copies of the[] state court's convictions in his possession before and prior to his sentencing hearing" (Doc. 2, p. 6; Doc. 122, pp. 20–21). The petitioner does not identify any point of investigation that counsel failed to pursue. The petitioner, moreover, does not establish any cognizable basis for objecting to the PSR and, concomitantly, the imposition of his sentence under the ACCA (see infra). Therefore, ground one of the §2255 motion is meritless.

        B.     Ground two of the petition alleges that "[t]rial counsel was ineffective in failing to object t[o] the ACCA's definition of a serious drug offense [a]s vague and therefore void" (Doc. 1, p. 5; Doc. 2, p. 7 (emphasis omitted). This contention is baseless.

        A criminal statute is void for vagueness if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited or is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Williams, 553 U.S. 285, 304 (2008). "At its core [is] 'the ... principle that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed.'" United States v. Johnson, 664 Fed. Appx. 839, 841 (11th Cir. 2016), quoting United States v. Lanier, 520 U.S. 259, 265 (1997).

15

The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance ... for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. 924(e)(2)(A)(ii). The petitioner argues this definition is unconstitutionally vague because it does not specify a drug quantity and the word "involves" lacks sufficient clarity (see Doc. 2, pp. 7, 8; Doc. 12, p. 5). Therefore, he contends that the ACCA failed to provide him fair notice of the prohibited conduct so that he could have "regulate[d] his conduct so as to avoid the fifteen years minimum" (Doc. 12, p. 5; Doc. 2, p. 7).

The Eleventh Circuit has rejected the contention that the ACCA's definition of "serious drug offense" is unconstitutionally vague because it does not specify a drug quantity. United States v. Johnson, supra, 664 Fed. Appx. 839, 840–41. It held that the ACCA gives the fair notice due process requires because it specifies the prior drug offense must be subject to a maximum sentence of at least ten years. See id.

The Eleventh Circuit elaborated:

Congress's choice "to rely on the 'maximum term of imprisonment ... prescribed' by state law as the measure of the seriousness of state offenses involving the manufacture, distribution, or possession of illegal drugs" demonstrated that Congress was deferring to state lawmakers'

16

> judgment that an offense punishable by ten years'
> imprisonment is sufficiently "serious."

Id., at p. 840), quoting United States v. Rodriguez, 553 U.S. 377, 387–88 (2008). Accordingly, the Eleventh Circuit concluded in Johnson that the defendant had fair warning that a conviction for selling cocaine in violation of Fla. Stat. § 893.13(1) was a "serious drug offense" because the crime was punishable by a maximum sentence of 15 years. See 664 Fed. Appx. at 840–41. Therefore, this contention fails.

The petitioner also argues that the word "involves" in the definition of "serious drug offense" is too vague (see Doc. 2, p. 7; Doc. 12, p. 5). This contention is unavailing because the descriptive terms immediately following the word "involving," i.e., "manufacturing, distributing, or possessing with intent to manufacture or distribute," identify the proscribed conduct with the requisite specificity. See Shular v. United States, __ U.S. __, 140 S. Ct. 779, 785 (2020).

The petitioner, relying upon Johnson v. United States, 135 S.Ct. 2551 (2015), argues that statutes must state with sufficient clarity the consequences of a violation (Doc. 2, p. 7). However, the Eleventh Circuit has stated that the "serious drug offense" provision of ACCA is "unaffected by Johnson." Bruten v. United States, __ Fed. Appx. __, 2020 WL 2499803 at *2 (11th Cir.).

17

Next, the petitioner cites to the definition of "serious drug offense" in 18 U.S.C. 3559, pertaining to "Sentence classification of offenses" (Doc. 2, p. 8). That statute incorporates, by reference, minimum drug quantities in calculating a prison sentence. However, that is a different statutory scheme which is inapplicable to the ACCA. See, e.g., Jackson v. United States, 923 F.Supp.2d 1334, 1338 (M.D. Fla. 2013).

In sum, the petitioner states no cognizable basis for finding the ACCA's definition of "serious drug offense" is void for vagueness. Accordingly, counsel cannot be ineffective for not raising that contention before the district court. See Freeman v. United States, supra, 2018 WL 6318358, at *11 (counsel's performance "cannot be deficient for failing to preserve or argue a meritless claim.").

C.    The petitioner argues in ground three of his motion that "[d]efense counsel was ineffective for failing to object to the use of petitioner['s] state drug prior convictions that w[ere] ... used to enhance his sentence, when legally the priors did not qualif[y]" (Doc. 2, p. 9) (emphasis omitted). This argument is frivolous in light of Supreme Court and Eleventh Circuit authority holding that Florida drug convictions under Fla. Stat. §893.13 are "serious drug offenses" that qualify for imposition of sentence under the ACCA.

18

The court based its imposition of the petitioner's fifteen-year sentence upon the petitioner's prior Florida state convictions for delivery of cocaine, and possession with intent to sell or deliver cocaine, in violation of Fla. Stat. §813.13(1)(a) (see Doc. 2, Atts. A, B, C). The Government asserts correctly that the Eleventh Circuit has found "Violations of Fla. Stat. 893.13 are considered serious drug offenses for ACCA purposes" (Doc. 8, p. 12). See, e.g., United States v. Pitts, 394 Fed. Appx. 680, 683–84 (11th Cir. 2010); United States v. Adams, 372 Fed. Appx. 946, 950–51 (11th Cir. 2010).

As recently iterated by the Eleventh Circuit in United States v. McClures, __ Fed. Appx. __, 2020 WL 3096321 at *3 (11th Cir. June 11, 2020):

> Florida law punishes the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine as a second-degree felony. See Fla. Stat. §§ 893.03(2)(a), 893.13(1)(a). Second-degree felonies are punishable by up to 15 years' imprisonment. Id. § 775.082(3)(d). In United States v. Smith, we held that a violation of § 893.13(1) is a serious drug offense under the ACCA. 775 F.3d 1262, 1268 (11th Cir. 2014). The Supreme Court agreed with our judgment. Shular v. United States, —— U.S. – ——, 140 S. Ct. 779, 784–85, 206 L.Ed.2d 81 (2020). ...
>
> [Therefore, the defendant's] argument that Fla. Stat. § 893.13(1)(a) should not be considered a serious drug offense under the ACCA is now foreclosed by both the Supreme Court and our

precedent. <u>See</u> <u>Shular</u>, 140 S. Ct. at 782; <u>Smith</u>,
775 F.3d at 1268.

Consequently, the petitioner cannot demonstrate deficient performance on this ground because each of the petitioner's Florida prior drug convictions (<u>see</u> Doc. 2, Atts. A, B, C) qualified as a "serious drug offense" under the ACCA.  <u>See</u> <u>Freeman</u> v. <u>United States</u>, <u>supra</u>, 2018 WL 6318358 at *11.   Therefore, counsel had no reason to object to the petitioner's ACCA designation and, even if he had objected, the petitioner would have remained subject to a sentence under the ACCA.

   D. Ground four of the motion is the question "[w]hether, in light of <u>Rehaif</u> v. <u>United States</u>, the petitioner's conviction and sentence under title 18 U.S.C. §922(g) ... is ... invalid ... because he was never charged or indicted with the companion provision of title 18 U.S.C. 924(a)(2)" (Doc. 1, p. 8; <u>see</u> <u>also</u> Doc. 2, p. 10).  The answer is no.

   The Supreme Court held in <u>Rehaif</u> v. <u>United States</u>, <u>supra</u>, 139 S. Ct. at 2200 that, when prosecuting a felon in possession charge "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[2]

---

  [2]§922(g) (1) makes it unlawful for nine categories of people, including convicted felons, "to possess in or affecting commerce, any firearm or ammunition[.]"  <u>Rehaif</u> was

20

The focus of the petitioner's argument is that, under <u>Rehaif</u>, his conviction must be vacated because the Government did not charge and prove that the petitioner knew he was a convicted felon at the time of the federal offense (Doc. 2, pp. 11, 14). There are several reasons why this claim is not cognizable.

First, the Eleventh Circuit stated in <u>In re Palacios</u>, 931 F.3d 1314, 1315 (11th Cir. 2019) that <u>Rehaif</u> does not announce a new rule of constitutional law, but rather clarifies the requirements for prosecuting an individual under of 18 U.S.C. §§ 922(g) and 924(a)(2). Furthermore, the Eleventh Circuit stated that, even if <u>Rehaif</u> had announced a new rule of constitutional law, the Supreme Court did not make that decision retroactive to cases on collateral review. <u>Id</u>. Therefore, <u>Rehaif</u> is not a basis for relief under 28 U.S.C. 2255, and the analysis could end here.

Regardless, even if <u>Rehaif</u> had stated a rule of constitutional law that was retroactively applicable, it would not afford the petitioner any relief. Thus, by pleading guilty, the petitioner waived the argument that the Indictment was defective for failing to allege the petitioner's knowledge that

---

convicted under §922(g)(5)(A), which prohibits an unlawful alien from possessing a firearm. The Supreme Court in <u>Rehaif</u> "expresse[d] no view ... about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other §922(g) provisions not at issue here." 139 S.Ct. 2200.

he was a felon at the time of the federal offense. See United States v. Ward, 796 Fed. Appx. 591, 599 (11th Cir. 2019), citing United States v. Brown, 752 F.3d 1344, 1347, 1351, 1354 (11th Cir. 2014) ([A] guilty plea waives all non-jurisdictional defects that occurred before the entry of the plea, including an omission of a mens rea element from an indictment.")

Furthermore, the petitioner's challenge to the validity of his guilty plea based on Rehaif would not fare any better, as it would have been reviewed under a harmless error standard, which requires a "substantial and injurious" effect on the petitioner's constitutional rights. See Phillips v. United States, 849 F.3d 988, 993 (11th Cir. 2017); see also United States v. Ward, 796 Fed. Appx. 591, 600 (11th Cir. 2019). The petitioner cannot meet that standard.

In this context, the petitioner would have been required to establish a "reasonable probability" that he would not have pled guilty had the government been required to prove his knowledge of status. United States v. Green, 798 Fed. Appx. 527, 533 (11th Cir. 2020), citing United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). However, the petitioner does not expressly assert that he was unaware of his felony status at the time of the federal offense, nor does he suggest a plausible basis for such a conclusion. Furthermore, as the Government aptly argues (Doc. 8,

pp. 15–16), the contention would be untenable in light of the petitioner's multiple felony convictions. See United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019) (The defendant cannot show a reasonable probability of a different outcome because he had eight felony convictions.); United States v. Green, supra, 798 Fed. Appx. at 533 (Convictions for multiple felonies supports a finding that the defendant was aware of his felon status when he possessed the firearm.); United States v. Ross, 807 Fed. Appx. 984, 987 (11th Cir. 2020) (With six prior convictions, "it is difficult to believe" that the defendant was unaware that he was a felon.).

In this respect, the petitioner gave sworn testimony before the court that he was "pleading guilty because prior to possessing that firearm, [he] had been convicted of numerous felonies in Hillsborough County" including those listed in the Indictment in this case (Doc. 122, p. 31; see also Doc. 85, p. 17). The Indictment listed six felonies, one of which, notably, was "Felon in Possession of a Firearm" (Doc. 1, p. 1). Furthermore, the petitioner acknowledged to the court that his civil rights had not been restored (see Doc. 122, p. 21). Therefore, the evidence is overwhelming that the petitioner knew of his status as a felon prior to the federal offense date. See United States v. Green, supra; United States v. Ross, supra; United States v. Reed, supra; see also Neder v. United States, 527 U.S. 1, 19 (1999) (look

to "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element").

Moreover, because the record indicates that the petitioner was aware of his status as a convicted felon at the time of the federal offense, there is no reason to believe that the petitioner would have continued to trial if he were told that the government was required to prove that he knew he belonged to the relevant category of persons barred from possessing a firearm. United States v. Green, supra, 798 Fed. Appx. at 533. The substantial benefit the petitioner received from the plea agreement further undermines any possibility that he would have gone to trial (see Doc. 85). Accordingly, even if the petitioner were entitled to consideration of his Rehaif argument on its merits (which he is not), the claim would fail because any purported error would have been harmless. See United States v. Green, supra, 798 Fed. Appx. at 533; United States v. Ross, supra, 807 Fed. Appx. at 987.

E.   Ground five of the motion is the question "[w]hether the district court lack[ed] jurisdiction to impose[] an enhance[d] sentence under title 18 U.S.C. 924(e) ("ACCA") where the government failed to strictly comply with title 21 U.S.C. §851(a)-e[n]hancement "notice" (Doc. 1, p. 8; see also Doc. 2, p. 16).   The answer to that question is no.

24

Section 851 of Title 21 is inapplicable to the ACCA. <u>United States</u> v. <u>Duval</u>, 459 Fed. Appx. 887, 890 (11th Cir. 2012).[3] Thus, the Eleventh Circuit succinctly stated the argument that "the prosecutor failed to conform with 21 U.S.C. §851" fails because the defendant "was not prosecuted under 21 U.S.C. §851, which deals with controlled substances. [H]e was prosecuted under 18 U.S.C. 924(e), which is the ACCA." <u>Id</u>.

IV.

In sum, each of the petitioner's five grounds for relief are meritless. Furthermore, because none of the petitioner's grounds state any plausible claim for relief, he is not entitled to an evidentiary hearing on his motion. <u>See</u> <u>Schriro</u> v. <u>Landrigan</u>, <u>supra</u>, 550 U.S. at 474 ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."); <u>Rosin</u> v. <u>United States</u>, <u>supra</u>, 786 F.3d at 877 (An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."). Accordingly, I recommend that the petitioner's §2255 motion be denied in all respects.

---

[3]This statute provides that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. 21 U.S.C. 851(1).

25

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JULY 24, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections.  28 U.S.C. 636(b)(1)(C).  Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.